# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MITCH BROZIK,**

    **Plaintiff,**

**v.**                                         **CIVIL ACTION NO. 1:18CV203**
                                                    **(Judge Keeley)**

**OLGA V SHMELEVE,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY STAY AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

This case arises from divorce proceedings between the plaintiff, Mitch Brozik ("Brozik"), and the defendant, Olga V. Shmeleve ("Shmeleve") (Dkt. No. 1). On October 29, 2018, Brozik filed this complaint and motion for emergency stay, seeking to stay the October 12, 2018 order issued by the Circuit Court of Monongalia County, West Virginia in Civil Action No. 18-P-330. Id. Because this Court does not have jurisdiction to review a state court decision, the Court **DENIES** Brozik's motion and **DISMISSES** his complaint without prejudice (Dkt. No. 1).

## I. APPLICABLE LAW

It is axiomatic that federal courts are courts of limited jurisdiction. Kokkonen v. Gaurdian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Indeed, "[t]hey possess only that power authorized by Constitution and statute . . . ." Id. (citations omitted). Generally, subject-matter jurisdiction in federal courts must be

**BROZIK V. SHMELEVE** **1:18CV203**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY STAY AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction has two requirements. First, there must be complete diversity of citizenship. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000.00. Id. Federal-question jurisdiction, by contrast, requires only that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "a federal question must appear on the face of [the] plaintiff's . . . complaint." Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

But "Congress has vested federal review of state court decisions exclusively in the Supreme Court, which has discretion to grant a writ of certiorari." Natusch v. Nibert, No. 1:16CV81, 2017 WL 1155375, at *4 (N.D. W. Va. Mar. 28, 2017) (citing 28 U.S.C. § 1257(a)). "District courts, as courts of original jurisdiction, may not sit in direct review of state courts." Id. (citing Davani v. Va. Dep't of Trans., 434 F.3d 712, 717 (4th Cir. 2006)). "To enforce this distinction, the Rooker-Feldman doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY STAY AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

rejection of those judgments.'"[1] Id. (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). "If the plaintiff 'is challenging the state-court decision,' the doctrine bars federal suit 'even if the state-court loser did not argue to the state court the basis of recovery that he asserts in the federal district court.'" Id. (quoting Davani, 434 F.3d at 719).

"Importantly, 'the Rooker–Feldman doctrine precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts.'" Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000) (citation omitted). "The Rooker–Feldman doctrine is in no way dependent upon the temporal procedural posture of the state court judgment." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997); see also Breckenridge, 211 F.3d at 199 ("Rooker–Feldman also applies to interlocutory orders issued by state courts."). "[R]ather, the doctrine reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeal." Id.

---

[1] "The Rooker–Feldman doctrine is the namesake of Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L.Ed. 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983)." Davani, 434 F.3d at 716.

**BROZIK V. SHMELEVE** 1:18CV203

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY STAY AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

## II. DISCUSSION

Here, Brozik claims that this Court has diversity jurisdiction because he is a resident of West Virginia, Shmeleve is a resident of Pennsylvania, and the amount in controversy exceeds $75,000.00 (Dkt. Nos. 1 at 4, 1-6). Even assuming diversity jurisdiction exists, the Court nevertheless lacks subject-matter jurisdiction because Brozik is asking it to stay the October 12, 2018 order issued by the Circuit Court of Monongalia County (Dkt. No. 1 at 1, 4). Specifically, Brozik urges this Court to issue an emergency stay because "the Circuit Court . . . exceeded its legitimate powers . . . ." Id. at 4. In other words, Brozik is complaining of injuries caused by a state-court judgment, and he is inviting this Court to review and reject that judgment. Because Brozik's complaint and motion plainly ask this Court to stay and review a state-court decision, the Rooker-Feldman doctrine applies and this Court, therefore, lacks subject-matter jurisdiction.[2] See Evans v. Cordray, 424 Fed. App'x 537, 538 (6th Cir. 2011) ("If the source of

---

[2] Moreover, Brozik's complaint and motion may be barred by the domestic-relations exception to federal jurisdiction, which was first enunciated in Barber v. Barber ex rel. Cronkhite, 62 U.S. (21 How.) 582, 584 (1858). Under this exception, federal courts generally do not have jurisdiction to hear cases involving family-law questions that traditionally fall under state authority. Charles Alan Wright, et al., Law of Federal Courts § 25 (7th ed. 2011).

**BROZIK V. SHMELEVE**                                                    **1:18CV203**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
EMERGENCY STAY AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

the plaintiff's injury is the state-court judgment itself, then the Rooker-Feldman doctrine bars the federal claim." (citation omitted)).

### III. CONCLUSION

For all of these reasons, the Court **DENIES** Brozik's motion and **DISMISSES** his complaint **WITHOUT PREJUDICE** (Dkt. No. 1).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: October 31, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE